SLONIM, LTD., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. BANKERS MORTGAGE & REALTY COMPANY, A NEW JERSEY CORPORATION, DEFEND-ANT-APPELLANT.

Submitted May 1, 1945—Decided May 15, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the appellant, *Charles N. Thorn, Jr.*

For the respondent, *Ralph J. Slonim.*

The opinion of the court was delivered by

BODINE, J. The plaintiff, an assignee of C. Witfield Williams, a real estate broker, recovered a judgment for com-

missions under a contract for the sale of premises situate at 591 Woodland Avenue, Mountainside, New Jersey.

The pertinent provisions of the contract are as follows: "The liability of the purchasers to complete this contract is contingent upon their ability to obtain a mortgage loan for $4,000 on the premises within two weeks from the date of the execution of this agreement. * * * And the Seller hereby agrees to pay to C. H. Williams a commission of 5% on the purchase price aforesaid, said commission to be paid in consideration of services rendered in consummating this sale; said commission to become due and payable when title to the property passes to purchasers. The contract was dated August 30th, 1944.

On October 10th, 1944, the purchaser named in the contract wrote the seller, in part, as follows: "My reason for cancelling this contract is due to the fact that I am unable to secure a mortgage on this property because we find that part of the driveway is now on another property, and also that the length specified on the property is indefinite." The recitation of fact in this letter was not disputed.

In the agreed state of the case, it appears that: "Plaintiff's assignor was the broker recognized in the sales contract by the defendant; that he had been present in the office of defendant's attorney at the time the contract was executed and was familiar with and consented to the contents of the contract."

It also appeared that the purchaser could not obtain a mortgage loan because the title was defective. The title did not pass to the purchaser because she could not obtain the mortgage loan within the time fixed in the contract. The broker knew of this provision in the contract and was not entitled to a commission except upon the consummation of the sale within the four corners of the contract. *Lippincott* v. *Content*, 123 *N. J. L.* 277. The broker had not procured a purchaser on the terms agreed upon in the contract, the conditions of which were known to him. The assignee stands in no better position.

The judgment is reversed, with costs.